**Donald ROEBER, Plaintiff–Appellant,**

v.

**Dowty Aerospace YAKIMA, a Washington corporation, Defendant–Appellee.**

No. 00–36011.

D.C. No. CV–99–03032–LRS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Oct. 19, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

MEMORANDUM ***

Donald Roeber was discharged from his job with Dowty Aerospace Yakima following an altercation with a fellow employee. He brought this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101–12213 (2001) (the Act), and the Washington Law Against Discrimination, WASH, REV. CODES § 49.60 (West 2001). The district court granted summary judgment on the ground, among others, that Roeber has failed to produce facts raising a triable issue that he was disabled within the meaning of the Act. We affirm.

The Act defines a "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(2) (2001). "Substantially limits" means "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the ... average person ." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 480, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (citations and internal quotation marks omitted).

The district court did not err in finding insufficient evidence of disability. Roeber's evidence consisted of his affidavit describing migraine attacks, which Roeber could treat with medication. The affidavit also described bouts of depression brought on by migraines; although these were "essentially incapacitating" while they lasted, Roeber "minimize[d] the[ir] effects ... as [he] want[ed] to believe that [he was] liv-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing a normal life." The record is devoid of clinical findings. Indeed, the medical records, while reflecting frequent visits to physicians, do not show any complaints about medical problems interfering with any life activity. They show occasional complaints about headaches with medication giving good relief, and occasional consultations with a nurse practitioner but no complaints about depression. *Cf. McAlindin v. County of San Diego*, 192 F.3d 1226, 1235 (9th Cir.1999), *amended by* 201 F.3d 1211 (2000) (examining record below that included evaluations by several doctors documented medical impairments).

Finally, throughout the period, Roeber received positive performance evaluations from Dowty. These evaluations refute not only his disability claim but his claim of being regarded as disabled.

AFFIRMED.